IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| YOLANDA LACKLAND | § § § |
| VS. | § CIVIL ACTION NO.: 9:18-cv-198 <br> § JUDGE _____ <br> § |
| LOWE'S COMPANIES, INC. | § § § |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, **YOLANDA LACKLAND**, "Plaintiff", files this Original Complaint against **LOWE'S COMPANIES, INC.**, "Defendant", and alleges as follows:

### I.
### PARTIES

1. Plaintiff is an individual who is domiciled in Texas and within this judicial district.

2. Upon information and belief, Defendant, **LOWE'S COMPANIES, INC.**, is a corporation under the laws of North Carolina with a principal place of business residing at 1605 Curtis Bridge Road, Wilkesboro, NC 28697. **LOWE'S COMPANIES, INC.**, can be served by serving its registered agent, Corporation Service Company D/B/A CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### II.
### JURISDICTION

3. This court has original subject matter jurisdiction over this controversy pursuant to 45 U.S.C. §20003-5.

### III.
### VENUE

4. Defendant is located in North Carolina and has a store location in Angelina County.

5. Plaintiff was employed by Defendant in Angelina County, Texas.

6. Venue as to Defendant is proper in the Eastern District, Lufkin Division pursuant to 28 U.S.C. § 1391 as a substantial part of the events or conditions which gave rise to this claim occurred in the Eastern District of Texas.

## IV.
## FACTS

7. Whenever in this pleading it is alleged that Defendant did any act or omission, such act or omission includes Defendant's officers, agents, servants, employees and representatives and that such action was performed with full authorization of Defendant's officers, agents, servants, employees or representatives.

8. Plaintiff was employed by Defendant for nine years. Most recently as the Tools and Hardware Department Manager and a Customer Service Associate.

9. In 2016, the Defendant decided to eliminate department manager positions and replace the thirteen department manager positions with four service manager positions, a front end manager position, and a receiving manager position.

10. Plaintiff applied for all manager positions. Plaintiff was not chosen for any of the new manager positions. Instead, employees with less tenure with the company were chosen for the positions.

11. Plaintiff asked the store manager, Michael Jordan, why she was not chosen for a manager position. Mr. Jordan told her she did not speak to everyone and that the men had families to support. Shortly after being demoted, Plaintiff was fired for confronting the assistant manager, Byron Coutee, regarding a change in her schedule in an allegedly rude manner.

12. Meanwhile other employees who had acted more egregiously than Plaintiff had not been disciplined or terminated, but had in fact been promoted to one of the new managerial positions.

14. One of the service manager positions was filled by Jennifer Wylie. Mrs. Wylie was engaged in an ongoing sexual liaison with the assistant manager, Byron Coutee. Mr. Coutee had previously propositioned Plaintiff in the past. Plaintiff declined Mr. Coutee's proposition. Mr. Coutee was not disciplined for making sexual advances on Plaintiff.

15. Mrs. Wylie also reported late to work on several occasions and changed her time records, thereby violating Defendant's policies. Plaintiff reported Mrs. Wylie's theft to Mr. Coutee[1], who took no action.

16. Furthermore, on other occasions, employees had verbally abused coworkers and managers. For example, James Briggs, a Caucasian male, cursed and yelled at Mr. Jordan. Mr. Briggs was not terminated like Plaintiff, instead Mr. Briggs was sent home with pay.

17. Plaintiff was treated differently than similarly situated Caucasian men.

## V.
## RACIAL DISCRIMINATION - FAILURE TO PROMOTE

18. Defendant has violated 42 U.S.C. § 2000 e-2.

19. The Plaintiff was at all material times an employee within the definition of 42 U.S.C. § 2000e(f).

20. Defendant was at all material times an employer as defined in 42 U.S.C. § 2000e(b) for the reason that Defendant has more than fifteen (15) employees. Plaintiff was at all times materially qualified for the positions of Service Manager, Front End Manager, and Receiving Manager.

21. Plaintiff is an African-American female.

---

[1] Plaintiff was not aware of Mr. Coutee's relationship with Mrs. Wylie at the time.

22. Plaintiff was not promoted because she is an African American female. When she asked Mr. Jordan why she wasn't promoted when less experienced men were chosen, he said because they had families and would endure economic hardship.

23. Plaintiff was treated differently because she is African-American.

24. Defendant's conduct was intentional.

25. Plaintiff suffered damages as alleged in Section IX.

## VI.
## RACIAL DISCRIMINATION – TERMINATION

26. Defendant has violated 42 U.S.C. § 2000 e-2.

27. The Plaintiff was at all material times an employee within the definition of 42 U.S.C. § 2000e(f).

28. Defendant was at all material times an employer as defined in 42 U.S.C. § 2000e(b) for the reason that Defendant has more than fifteen (15) employees. Plaintiff was at all times materially qualified for continued employment at Lowe's.

29. Plaintiff is an African-American female.

30. Plaintiff was terminated for using rude language when a similarly situated white male was not terminated for rude using rude and abusive language. The white male employee was sent home with pay instead of terminated.

31. Plaintiff was treated differently because she is African-American.

32. Defendant's conduct was intentional.

33. Plaintiff suffered damages as alleged in Section IX.

## VII.
## GENDER DISCRIMINATION – FAILURE TO PROMOTE

34. Defendant has violated 42 U.S.C. § 2000e-2.

35. The Plaintiff was at all material times an employee within the definition of 42 U.S.C. § 2000e(f).

36. Defendant was at all material times an employer as defined in 42 U.S.C. § 2000e(b) for the reason that Defendant has more than fifteen (15) employees.

37. Plaintiff was at all material times qualified for the positions of Service Manager, Front End Manager, and Receiving Manager.

38. Plaintiff is African-American female.

39. Defendant was not promoted because she is female. Mr. Coutee said that he had input on who was selected for the front end manager and receiving manger, he had also propositioned her in the past.

40. Mr. Coutee recommended to Mr. Jordan that Ms. Wylie get promoted, in part, because of the sexual relationship between Mr. Coutee and Ms. Wylie. Mr. Coutee did not recommend Ms. Lackland get promoted, in part, because she rejected his advances. Ms. Lackland was treated differently from men and women in the work place whose advancement was not contingent on another employee's sexual advances.

41. Defendant's conduct was intentional.

42. Plaintiff suffered damages as alleged in Section IX.

## VIII.
## GENDER DISCRIMINATION – TERMINATION

43. Defendant has violated 42 U.S.C. § 2000e-2.

44. The Plaintiff was at all material times an employee within the definition of 42 U.S.C. § 2000e(f).

45. Defendant was at all material times an employer as defined in 42 U.S.C. § 2000e(b) for the reason that Defendant has more than fifteen (15) employees.

46. Plaintiff was at all material times qualified for the continued employment at Lowe's.

47. Plaintiff is African-American female.

48. Mr. Coutee recommended Ms. Lackland be terminated allegedly because of her use of rude language. However, his real motivation was Ms. Lackland's past attempt to report his paramore, Ms. Wylie, for altering her time records.

49. Ms. Wylie. Ms. Lackland was then terminated for using rude language when a similarly situated white male was not terminated for using rude and abusive language. The white male employee was sent home with pay instead of terminated.

50. Defendant's conduct was intentional.

51. Plaintiff suffered damages as alleged in Section IX.

## IX.
## DAMAGES

52. As a result of Defendant's discriminatory termination of Plaintiff, Plaintiff is entitled to back pay, front pay, compensatory damages, punitive damages, attorney's fees, expert fees, interest and costs of court, pursuant to 42 U.S.C. § 2000e-5(g)(1) and 42 U.S.C. § 1981a(b).

53. As a result of Defendant's termination, Plaintiff seeks reinstatement to her position as a manger pursuant to 42 U.S.C. § 2000e-(g)(1), and 42 U.S.C. 1981a(b).

54. Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for a judgment in which she is awarded:

    a. Back pay, front pay, compensatory damages, punitive damages, attorney's fees, expert fees, interest and costs of court, in an amount not more than $300,000.00.

    b. Reinstatement to her position as a manger.

    c. Such other relief that this court deems just and proper.

Respectfully submitted,

/s/Warren T. McCollum
WARREN T. MCCOLLUM
FENLEY & BATE, L.L.P.
P.O. Box 450
Lufkin, Texas 75902-0450
TPN: (936) 634-3346
FXN: (936) 639-5874
SBN: 24013127
Email: wmccollum@fenley-bate.com

ATTORNEYS FOR PLAINTIFF
**YOLANDA LACKLAND**